CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 27 2012

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDREW MAURICE WILLIAMS, | Criminal Case No. 7:10cr00073 |
| Petitioner, | **2255 MEMORANDUM OPINION** |
| v. | |
| UNITED STATES OF AMERICA, | By: Samuel G. Wilson |
| Respondent. | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by Andrew Maurice Williams, proceeding *pro se*, claiming that his counsel rendered ineffective assistance in connection with Williams' decision to plead guilty to possessing marijuana with the intent to distribute. Williams claims his counsel was ineffective in failing to advise Williams that his guilty plea would subject him to deportation, and for failing to mount a Fourth Amendment challenge to the search that led to Williams' arrest. The United States has moved to dismiss Williams' motion. It is clear from the record that Williams counsel and the court advised him that his guilty plea would subject him to deportation, and it is clear from a summary of evidence with which Williams substantially agreed that the search was lawful and that Williams decided not to challenge it because he concluded it would be in his best interest not to do so. Accordingly, the court denies Williams' motion on the merits.

I.

After the Virginia State Police discovered eighty-nine pounds of marijuana in the trunk of Williams' car, he was indicted on one count of possession with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). On April 12, 2011, he entered into a written plea agreement with the United States in which he pled guilty to that charge. During Williams'

plea colloquy, the court inquired into Williams' citizenship status, and Williams revealed that he was not a United States Citizen. This exchange followed:

> The Court: Do you understand that as a result of conviction in this matter, you could also be subject to deportation[?] Do you understand that?
>
> [Williams]: Yes, sir.
>
> The Court: That's been fully explained to you by your counsel and you understand that?
>
> [Williams]: Yes, sir.

(Guilty Plea Tr. 8, ECF No. 43.)

Later during the plea hearing, the United States called the Virginia State trooper who initially stopped Williams. The United States examined the trooper, who explained that he first encountered Williams driving lawfully on Interstate 81, that he followed him to a gas station and called a K-9 unit to the station based on Williams' suspicious behavior, that the K-9 signaled the presence of illegal drugs in the vehicle, that Williams gave his consent to a search of the vehicle, and that the search revealed two parcels containing a large amount of marijuana. After Williams' counsel cross-examined the trooper, the court asked Williams' counsel, and then Williams himself, whether Williams would like to have a suppression hearing. The court gave Williams the opportunity to confer with his counsel and addressed him further:

> The Court: Let me just make sure I understand. You and your counsel have, I know, have discussed questions involving the search, and I'm not getting into those here. All I can tell you is I'm perfectly willing to hear a suppression motion in this matter. I take it that you and your counsel after having consulted decided to choose a course of action that you have chosen here not to contest it, instead to plead guilty under these circumstances.
> But let me just say, it doesn't matter to me one way or the other whether you plead guilty or don't plead guilty. It's totally your choice. I know you understand that. I have apprised you of all your rights so all I am attempting to do at this juncture is to determine whether a factual basis supports the plea.
> In other words, whether all the elements of the offense are present and you knowingly violated, by knowingly possessing this marijuana with intent to

> distribute or deliver possession of it to another person or persons. There is really nothing else for me to determine at this juncture, other than that, if you plead guilty. Do you understand that[?]
> Do you understand you are waiving your right to contest the validity of the stop here? Do you understand all that is being waived and you don't have to waive it, but you are waiving it if I accept your guilty plea? Do you understand all that?
>
> [Williams]: Yes, sir.

(Guilty Plea Tr. 37–38, ECF No. 43.)

Williams then pled guilty. On June 29th, 2011, the court sentenced Williams to twenty-four months' imprisonment. He did not appeal, but filed this motion less than one year later.

## II.

Williams claims his counsel was ineffective because he did not advise Williams that his conviction would subject him to deportation and that, had he been so advised, he would not have pled guilty. He also claims that his counsel was ineffective in failing to challenge the evidence against Williams on Fourth Amendment grounds. Because the record does not support Williams' claims, the court finds no ineffective assistance of counsel and denies Williams' motion.

Under the Sixth Amendment, the accused must have sufficiently competent assistance of counsel to ensure a fair trial. Strickland v. Washington, 466 U.S. 668, 685 (1984). To establish an ineffective assistance of counsel claim, Williams must demonstrate both a deficient performance and a resulting prejudice. Id. at 687. To show deficient performance, Williams must show that "counsel's representation fell below an objective standard of reasonableness," considering the circumstances as they existed at the time of the representation. Id. at 687–88. Williams must overcome the strong presumption that his counsel's performance was within the range of competence demanded of attorneys defending criminal cases, and the court must defer

3

to counsel's strategic decisions, thereby avoiding the distorted effect of hindsight. Id. at 688–89. Even if he shows that counsel's performance was deficient, Williams is not entitled to habeas relief unless he satisfies the second Strickland prong by showing that counsel's errors "actually had an adverse effect on [his] defense." Id. at 693. At minimum, Williams must demonstrate "a reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694–95. "In the context of a guilty plea, the petitioner must demonstrate . . . 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). If it is clear that no prejudice resulted from an alleged error, the court need not inquire whether the error amounts to deficient representation. Strickland, 466 U.S. at 697.

Here, Williams claims not to have known that he would be subject to deportation after pleading guilty. The plea colloquy transcript shows, however, that this plainly was not the case. Upon learning that Williams was not a United States citizen, the court informed Williams that he could face deportation as a result of his plea, and Williams indicated that he understood the situation. The court then asked Williams whether his counsel had discussed the deportation issue with him, and Williams answered that he had. In light of the court's questioning, Williams' motion offers nothing suggesting that his counsel performed deficiently or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, Williams would not have pled guilty but rather would have insisted on going to trial. See Burket, 208 F.3d at 189; see also United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing,

4

dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

There is likewise no merit to Williams' claim that counsel rendered ineffective assistance in failing to mount a Fourth Amendment challenge to the evidence. During the guilty plea hearing, Williams heard a lengthy summary of the evidence with which he substantially agreed, and nothing in the summary suggested that the search leading to his arrest was unlawful. Even so, the court repeatedly offered to conduct a suppression hearing and advised Williams that by pleading guilty he would be waiving his right to contest the validity of the stop and search. Williams indicated that he understood this, agreed that there was a factual basis for his plea, expressly abandoned his right to a suppression hearing, and pled guilty. The record demonstrates that Williams chose to proceed as he did because the search appeared lawful, and he concluded it would be in his best interest not to challenge it. Here again, there is no basis for concluding that Williams' counsel performed deficiently, nor is there a reasonable probability that, but for counsel's alleged unprofessional errors, Williams would not have pled guilty but rather would have insisted on going to trial. Williams' motion lacks merit, and the court denies it.[1]

---

[1] The court's ruling is not contrary to United States v. Akinsade, 686 F.3d 248 (4th Cir. 2012). In that case, the defendant's attorney advised him "that he *could not be* deported based on this single offense." Id. at 250 (emphasis added). That advice was "clearly contrary to law," id. at 253, and the court's admonishment during the plea colloquy consisted of nothing more than the statement, "if you are not a citizen, you could be deported," id. at 250. Here, by contrast, Williams alleges that "during the proceedings of the instant Case, that [his] Counsel never advised [him] that [his] pleading guilty [would] automatically lead to [his] deportation." (Aff. 1, ECF No. 36-2.) Whether or not that is true, there is no question that the court specifically asked Williams, "Do you understand that as a result of conviction in this matter, you could also be subject to deportation[?] Do you understand that?" (Guilty Plea Tr. 8, ECF No. 43.) Williams said he understood. And the court ensured that Williams had discussed the possibility of deportation with counsel, which Williams swore he had done. (Id.) Unlike the court's admonishment in Akinsade, the court's questioning in this case was purposeful and targeted directly at the deportation issue that Williams now raises.

5

## III.

For the foregoing reasons, the court denies Williams' § 2255 motion.

**ENTER**: November 27, 2012.

_____
UNITED STATES DISTRICT JUDGE